**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | Case Nos.: 1:20-CR-00018 (WLS-TQL-4) |
| | : | |
| CLINTON JANES, | : | 5:19-CR-3-001 |
| | : | |
| | : | |
| | | |
| Defendant. | : | |
| | : | |

**ORDER**

On August 4, 2022, this Court held a combined hearing in the matter of United States of America v. Clinton Janes.[1] At the hearing, the Court addressed the Government's Petition to Revoke Defendant's supervised release (hereinafter "Petition") (Doc. 43 Case #5:19-CR-3) and sentenced Defendant Janes for unrelated offense conduct in Case # 1:20-CR-18.

Defendant Janes was originally pled guilty to the conduct charged in a Superseding Information – specifically Possession of a Firearm by an Unlawful User of a Controlled Substance – (Doc. 28) in Case # 5:19-CR-3 on May 19, 2019. (Doc. 24.) On November 13, 2019, Judge Gardner sentenced Defendant to twenty-seven (27) months imprisonment to be followed by three (3) years supervised release. (Doc. 37 Case #5:19-CR-3). On November 16, 2021, the United States Probation Office filed a Petition to Revoke Defendant's term of Supervised Release. (Doc 43.)

At the final revocation hearing on August 4, 2022, Defendant's Counsel acknowledged that Defendant had been provided with a copy of the Petition for Revocation (Doc. 43) and that he had reviewed it. The Court advised Defendant of his rights to a hearing on the

---

[1] The Court notes for the purposes of the record that the Court held a Revocation Hearing and a Sentencing Hearing at the same time. The Revocation Hearing was from case previously before the Honorable Judge Gardner, Docket Number 5:19-Cr-3-001, but was transferred to this Court upon the Defendant's Motion. (Doc. 182 Case Number 1:20-CR-18).

1

allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify (Defendant was also advised that he was not required to testify or present a defense)—all of which Defendant acknowledged he understood. Neither the Government nor the Defendant had objections to the Presentence Report for the purposes of the Revocation Hearing (Doc. 56 Case #5:19-CR-3). Defendant stated he had spoken to his counsel about the Petition and did not wish to have a hearing on, but wished to stipulate to, the Petition. The Petition contained nine (9) violations. Defendant admitted to all allegations included within the Petition for Revocation (Doc. 43) and stated that he had not been coerced into doing so.

Accordingly, the Court found that Defendant Janes had freely, knowingly, and voluntarily stipulated to the alleged violations of supervised release for the purposes of the revocation hearing outlined at Violation Numbers 1-9 of the Government's Petition. As such, the Court found that Defendant Janes had committed the alleged violations by a preponderance of the evidence and that Defendant did violate the conditions of his supervised release.

The Court then heard from the Government, Defense Counsel, and Defendant Janes, and declared Defendant's supervised release revoked.[2] In sentencing Defendant Janes for the purposes of revocation the Court took into consideration Defendant's U.S. Sentencing Guidelines range of four (4) to ten (10) months, which was based on Defendant's Grade C violation. Based on the totality of circumstances in this case and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court revoked Defendant Janes' term of supervised release and committed Defendant to the custody of the Bureau of Prisons for four (4) months. The Court ordered that Defendant's sentence run consecutively to the sentence imposed by this Court for the offense conduct in 1:20-CR-18.[3]

---

[2] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.'" *United States v. Dees*, 452 Fed. App'x 929, 931 (11th Cir. 2012 (quoting United States v. Copeland, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).

[3] The Court notes for the purposes of the record that Defendant Janes pled guilty to the offense conduct alleged in Case #1:20-CR-18 and was sentenced by this Court to 121 months imprisonment, to be followed by three years of supervised release. The Court also notes that in sentencing the Defendant it made an individualized

For the aforementioned reasons, the Government's Petition (Doc. 43 in Case # 5:19-CR-3) is **GRANTED**, and Defendant's term of supervised release is hereby **REVOKED**. Accordingly, Defendant Janes is sentenced to a total of 125 months imprisonment, to be followed by three (3) years of supervised release.

 **SO ORDERED**, this <u>8th</u> day of August 2022.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

assessment of the Defendant and in so doing considered the advisory sentencing guidelines range of 121-151 months, the sentencing factors enumerated at 18 U.S.C. 3553(a) and the nature and circumstances of the offense.